# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.U.**

**No. 22-837** (Ohio County 21-JA-151)

## MEMORANDUM DECISION

Petitioner Father Q.S.[1] appeals the Circuit Court of Ohio County's October 14, 2022, order terminating his parental rights to K.U.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2021, the DHHR filed a petition alleging that petitioner had a history of substance abuse and was absent from the child's life, resulting in K.U. residing in a home where extensive drug activity occurred and other inappropriate conditions existed. At the preliminary hearing in November 2021, the parties indicated that petitioner was rumored to live in the Seattle, Washington area, but the record shows that petitioner was later located in Oregon.

In February 2022, then-fourteen-year-old K.U. underwent an in camera interview with the circuit court. The following month, the court held an adjudicatory hearing, during which the court heard testimony about petitioner's child support arrearage and his limited contact with the child. The court concluded that, "based on the amount of arrearage, the sporadic physical contact and emotional support, the neglect, and the lack of effort before this proceeding to get custody back," that petitioner was "an abusive and/or neglectful parent." Petitioner later moved for a post-adjudicatory improvement period.

A dispositional hearing was held in June 2022, at which time petitioner's counsel informed the court that petitioner was incarcerated in Louisiana on two counts of felony theft in that state and had an active warrant in Oregon. Ultimately, the court denied petitioner's motion for an

---

[1]Petitioner appears by counsel John M. Jurco. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Joseph J. Moses appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

improvement period, finding that he failed to satisfy the necessary burden because he presented no evidence and was not present at the hearing. The court then heard testimony from a DHHR worker, who indicated that she had limited, sporadic communication with petitioner during the proceedings. The worker testified that when she spoke to petitioner, he informed her that he could not be present in West Virginia during the proceedings because he was attempting to move to Louisiana. According to the worker, petitioner had spoken with the child over the phone approximately three times during the proceedings. The worker also explained that Oregon Child Protective Services provided her with records of two incidents involving petitioner and children not at issue to this appeal. The worker testified to petitioner's criminal history and explained that he had a "consistent history of various thefts" across the country. The worker expressed the DHHR's position that termination of petitioner's rights was appropriate because it was "very difficult . . . to even be able to work with [petitioner] on developing a reasonable case plan . . . given his absence from the area," especially considering his refusal to remain in regular contact with the DHHR. According to the worker, although the child "desperately wanted [petitioner] to be afforded every opportunity to try to remedy the circumstances," she now wished to be adopted. The worker further explained that the child did not "have a very close relationship with [petitioner], simply because she's been separated from him physically for most of her life." The guardian corroborated the child's wishes, noting that the child was aware of petitioner's legal situation and wished for his parental rights to be terminated. Based on the evidence, the court found that petitioner was unwilling to either formulate or participate in a case plan designed to remedy the conditions of abuse and neglect. The court further concluded that termination of petitioner's parental rights was in the child's best interest and, therefore, terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred in terminating his parental rights because he alleges that he could have corrected the conditions of abuse and neglect. In advancing this position, however, petitioner focuses entirely on the nature of the charges against him in Louisiana having not been proven and his assertion that he "will get out of jail/prison, it is just a matter of time." These facts are, ultimately, immaterial, as the termination of his parental rights was based on petitioner's almost total lack of participation in this case, including the vast majority of the proceedings when petitioner was not in jail.

As the record shows, petitioner never appeared in West Virginia during the proceedings, was in sporadic contact with the DHHR, and did not participate in any services. Indeed, it is telling that petitioner can cite to only three times he contacted the DHHR during the case, resulting in petitioner admitting that his participation below was "quasi-active." As the DHHR worker testified, petitioner's conduct rendered him unable to participate in a case plan designed to remedy the conditions of abuse and neglect. This constitutes a situation in which there is no reasonable likelihood that conditions of abuse or neglect can be substantially corrected. *See* W. Va. Code § 49-4-604(d)(3). Accordingly, the court did not err in making this finding.

---

[3]The mother's rights were also terminated below, and the permanency plan for the child is adoption in the current placement.

Similarly, the court did not err in finding that termination was necessary for the child's welfare, as it heard testimony that the child wished for permanency in the form of adoption and wanted petitioner's rights terminated. On appeal, petitioner asserts that the court did not consider the child's wishes in accordance with West Virginia Code § 49-4-604(c)(6)(C) because the child previously expressed a desire for petitioner to be permitted time to remedy the abuse and neglect at issue. But this argument is disingenuous, given that petitioner admits the child changed her mind about disposition and the court was clearly made aware of, and considered, her wishes. Because the court had ample evidence upon which to base the findings necessary for termination of petitioner's parental rights, we find no error in the court's decision not to impose a less restrictive dispositional alternative. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect and abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 14, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn